EMILY ARNOLD, Appellant, *vs.* PROBATE COURT OF NORTH KINGSTOWN.

WASHINGTON—DECEMBER 17, 1903.

PRESENT: Stiness, C. J., Douglas, J.

(1) *Assignment of Dower.*

Under the provisions of Gen. Laws cap. 264, § 2, where the inheritance is neither entire nor woodlands, dower is properly set out by metes and bounds. Section 18 of said chapter 264 simply confers discretionary power upon the court to elect whether to set out dower under the general rule or for special reasons to substitute in lieu thereof a fixed rent. Where no such special reason appeared, the court properly decreed that dower should be set out by metes and bounds.

PROBATE APPEAL. Heard, and decree affirmed.

PER CURIAM. The appellant's petition for a new trial is

denied, and a decree will be entered in accordance with the decision of Mr. Justice Dubois, which is approved and adopted as the opinion of the court.

## DECISION.

DUBOIS, J.    This is Emily Arnold's appeal from the decree of the Probate Court of North Kingstown, made and entered on the 12th day of January, A. D. 1903, whereby it was ordered and adjudged that the dower of the appellant in the real estate of which her husband, James B. Arnold, died seized and possessed be set off to her by metes and bounds, she claiming that her dower should be set off in some other legal manner, as of a third of the rents, issue, growth, and profits of said lands, and should be computed and ascertained in the manner provided by statute, or a fixed rent should be ordered to be paid to her at stated periods and to remain a fixed charge upon the real estate in accordance with the statute.

Under Gen. Law R. I. cap. 264, § 2, which reads:

"Of inheritances that are entire, where no division can be made by metes and bounds, so that a woman can be endowed of the thing itself, and of woodlands, she shall be endowed in a special and certain manner, as of a third part of the rents, issues, growth, or profits thereof, to be computed and ascertained in the manner by this chapter directed,". a woman shall be endowed in a special and certain manner of woodlands and of inheritances that are entire.    The latter provision is taken bodily from Coke Litt. 32 a, as follows:

"Albeit of many inheritances that be entire, whereof no division can be made by metes and bounds, a woman cannot be endowed of the thing itself, yet a woman shall be endowed thereof in a special and certain manner.    As of a mill, a woman shall not be endowed by metes and bounds, nor in common with the heir, but either she may be endowed of the third toll dish.    .    .    .    And so of a villeine, either the third day's work, or every third week or month.    A woman shall be endowed of the third part of the profit of stallage, of the third part of the profits of a fair, of the third part of the prof-

its of the keeping of a park, of the third part of the profit of a dove-house, and likewise of the third part of a piscary, of the third presentation to an advowson,   .   .   .   of the third part of profits of courts, fines, heriots.   Also a woman shall be endowed of tithes; and the surest endowment of tithes is of the third sheaf; for what land shall be sown is uncertain."

(1)   The inheritance in question was neither entire nor woodlands, and so does not come within the exceptions, but is governed by the general rule that where a woman can be endowed of the thing itself, the same not being woodlands, and the division can be made by metes and bounds, that method shall be pursued.

The appellant calls our attention to the provisions of section 18 of said chapter, a portion of which is as follows:

"In all actions at law or suits in equity to recover dower, the court, taking into consideration the situation of the parties in interest and the situation of the estate out of which dower is to be assigned, may set out such dower by metes and bounds, or may substitute therefor a fixed rental to be paid at stated periods and to remain a fixed charge upon the estate out of which dower is assignable."

This provision simply confers discretionary power upon the court to elect whether to set out dower under the general rule, or for special reasons to substitute in lieu thereof a fixed rent. No such special reason having appeared, the court properly decreed that such dower should be set out by metes and bounds.

There appearing to this court no reason why the dower should not be so set out, said decree is ordered to be affirmed with costs.

*Albert B. Crafts*, for appellant.
*Joseph E. Spink*, for appellee.