# CASES

IN THE

# ORPHANS' COURT

In the Matter of the Petition of ALBERT E. CULVER, Guardian of Mildred E. Culver, Minor and MAMIE E. CULVER, Widow of Perry M. Culver, deceased.

*Sussex, July 8, 1918.*

Under Revised Code 1915, §§ 3289, 3290, 3292, 3318, as to assignment of dower, there is no right to money dower, unless the land subject to dower is sold in some proceeding other than widow's application for money dower, as in partition cause, applicable only where there are several heirs, or in a proceeding to sell land to pay deceased's debts.

The facts appear in the opinion of the court.

CURTIS, P. J., sitting.

*Andrew J. Lynch,* for the petitioners.

CURTIS, P. J.   The petition of a widow and of the guardian of a sole minor heir at law sets forth in substance that the decedent died May 28, 1918, intestate, leaving a widow and one child, and seised of two parcels of improved land; that the land will not divide; and that the widow waives the assignment of her dower and asks for an appraisement of her dower by the Court and payment in money for her share of the land.

This is called a partition cause, but it is not and cannot be one in legal effect, for there is a sole heir at law who takes title subject to dower.   It is not properly an application of the guardian to sell land of the minor, for there is no proper allegation as required by section 3934, p. 1781, of the Revised Code of 1915, that such sale is for the benefit of the minor, and no reasons are

set forth which would support such an allegation, except that the widow wants her dower appraised and paid to her in money, which is not sufficient.

By section 3318, p. 1525, of the Revised Code of 1915, a widow may have her dower assigned (which means by metes and bounds) according to article 2, chapter 95 (see page 1516, § 3289), or by the same section (3318) upon partition, i. e., upon proper partition. If there is no proper partition, there is no law which authorizes a sale of land which is subject to dower in order to pay the widow her dower in money, calculated upon the partition tables of mortality. This secures to the owner, or owners of land if there be more than one, a right to hold their land without its being sold, so that when the right of the widow to hold the land assigned to her for life is ended the heirs or devisees may have back the land so assigned. If there be more than one owner, then any one or all may start partition proceedings. Then if there is an allegation that the land will not divide advantageously, and it be either admitted (as where all join in the petition) or the petition be taken *pro confesso* (which is an implied admission), then dower in money may be had by the widow. But in the absence of such allegation, or if such an allegation shall not be sustained, then the commissioners must decide the question of division. If they find against a partition in severalty, then there must be a sale and the widow may waive her assignment of dower by metes and bounds, and take dower in money according to the table of mortality (sections 3290, 3292). So also any other person interested, i. e., a tenant in common, may under section 3289 have dower so assigned by metes and bounds and hold the remainder as tenants in common, or otheriwse. The guardian in this case could do so on behalf of his ward.

But the present petition is none of these things. Section 3292 supplements section 3290. By the latter a widow's proportionate part of the proceeds of sale is invested for her, and by the former she is paid a sum of money calculated according to the mortality table.

Rule 15, p. 98, provides a procedure for section 3292. It can have no broader scope, because the statute does not give à widow a right to money dower, unless the land subject to dower

is sold in some proceeding other than her application to have such money dower paid to her, as in a partition cause, or in a proceeding to sell land to pay debts of her deceased husband. The statutes only provide for an assignment by metes and bounds. Besides, there is no way to enforce payment of money dower when it shall be fixed by proceeding under the rule.

The prayers of the petition are, therefore, denied.