EDITH M. ABBOTT *vs.* R. I. HOSPITAL TRUST CO. *et al.*

JANUARY 27, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is a bill in equity wherein the complainant, widow of Leon A. Abbott late of Providence, seeks to have her dower set off in his estate.

By his last will, which has been duly probated, Leon A. Abbott bequeathed to the complainant the sum of $4,000 in lieu of her dower rights in his estate. Within one year after probate of said will the complainant, in reliance upon the statute, by her writing filed in the municipal court waived her right to said bequest and claimed her dower in the several parcels of land of which her husband was seized of an estate of inheritance during his intermarriage with her. Her dower not having been set off to her, she has commenced this suit in equity. The respondents are the Rhode Island Hospital Trust Company, trustee under the will of Leon A. Abbott, and Graydon Leon Abbott, a minor son of the testator by a former wife, one Alice B. Abbott, from whom the testator had been divorced but who is still living. Graydon Leon Abbott was fifteen years old at the death of the testator. In this cause in the Superior Court his mother was appointed guardian *ad litem* of Graydon Leon Abbott and of his unborn children if any. In the Superior Court Sidney Clifford, Esq., was appointed guardian *ad litem* to represent the interests of persons not in being or not now ascertainable who would have an interest in the real estate in question under the terms of the trust in case of the death of the minor respondent under the age of forty-five years.

In his will after making two small bequests in addition to said gift of $4,000 to the complainant, Leon A. Abbott devised and bequeathed all the rest of his estate to the Rhode Island Hospital Trust Co. in trust for the uses and purposes named in the will. The terms of the trust essential

to be referred to here are that the trustee should annually make payment for the education and support of the testator's son, Graydon Leon Abbott, until he should attain the age of twenty-five years. The testator further provided that when said son attained the age of twenty-five years he should receive 80% of the corpus of the trust estate; at the age of thirty-five years he should receive one-half of the trust estate then remaining and at the age of forty-five years he should receive the remainder of the trust estate. There are numerous provisions in the trust for the benefit of the widow and the lawful child or children of Graydon Leon Abbott if he should marry and should decease before he reached the age of twenty-five years. Testator, however, made no provision for the benefit of the widow of Graydon nor special provision for the benefit of his lawful children if Graydon should die after attaining the age of twenty-five years. The testator in paragraph seven of his will provided as follows: "In case any portion of my estate shall eventually remain undistributed under all the preceding clauses of this will then in such event I give, devise and bequeath the rest, residue and remainder of my estate to my then next of kin under the laws of descent then in force in this state, their heirs and assigns forever, share and share alike *per stirpes* free and discharged of any trust." In accordance with the terms of the trust if the testator's son Graydon shall die under the age of twenty-five years, unmarried and without lawful child or lawful children, the entire trust estate will pass to the testator's "then next of kin." Interests in the trust property varying in amount in accordance with the circumstances set out in the will pass to the testator's "then next of kin" upon the death of Graydon before attaining the age of twenty-five years leaving a widow or leaving a widow and a lawful child or lawful children, in case no one of his lawful children attain the age of twenty-five years. If Graydon Leon Abbott after attaining the age of twenty-five years shall die before reaching the ages respectively of thirty-five years or forty-five years, substantial portions of

the trust estate will pass to the persons who at such times respectively come within the designation of the testator's next of kin. It is to represent the interests of such persons now unascertainable that Mr. Clifford was appointed guardian *ad litem*.

In this connection it should be noted that in paragraph 4 of his will the testator bequeathed to his adopted daughter, Gladys E. Abbott Todriff, the sum of $500 and then provides as follows: "I do not make any further provision for her whatsoever in my will and it is my will that she shall not under any circumstances receive any further portion of my estate than this bequest." Upon demurrer the Superior Court struck out the name of Mrs. Todriff as a party respondent in this suit. In view of the possible conflict between the provisions of paragraphs 4 and 7 of the will we declare that nothing herein contained is intended as a determination of the rights of Mrs. Todriff or of her issue if in the circumstances named in paragraph 7 she or they shall at that time come within the testator's designation of "my then next of kin under the laws of descent then in force in this state."

After hearing the Superior Court entered a final decree in which dower is awarded to the complainant by directing the payment to her of the sum of $23,000 in gross. The respondent Trust Company, questioning the Superior Court's jurisdiction to set off dower in this manner, has brought the cause before us upon appeal from said decree.

In *Connole* v. *Connole*, 45 R. I. 1, this court held in accordance with generally accepted authority that courts of equity are without jurisdiction to assign dower in any other manner than that permitted by law and that our statute does not provide for the assignment of dower by the award to a widow of a sum in gross. It appears from the terms of the decree that the Superior Court did not consider itself governed in this case by the rule laid down in *Connole* v. *Connole, supra,* by reason of what is stated in the decree as an agreement between the complainant and said

guardians *ad litem* that dower should be awarded by the payment to the complainant of the sum of $23,000 in gross. Nothing appears in the record which warrants the finding of an agreement on the part of the guardians save the statement made by each of them at the hearing that a settlement by the award of $23,000 in gross to the complainant "is satisfactory." It is not within the power of a guardian *ad litem* to bind his ward by an agreement of settlement or compromise. He must refer a proposal of that nature, involving the rights of his ward, to the court, and it is solely the approval of the court that renders such an agreement effective. The powers of one appointed under the statute to represent the interests of persons not ascertainable do not exceed those of the guardian *ad litem* of an infant respondent. It does not appear that in the case at bar either the guardian *ad litem* of the infant or the representative of those having contingent interests assumes to compromise the legal rights of those they represent. Each in his answer submitted such interests to the protection of the court. The statement of these representatives made at the hearing that the settlement is satisfactory can not enlarge the jurisdiction of the court or furnish a basis for the court's decree. The decree represents solely the court's own determination that the assignment of dower contrary to the methods prescribed by statute is for the best interests of all the parties before it or represented there. The position of the Superior Court with reference to the decree now before us does not differ from that of the Superior Court in making its decree in *Connole* v. *Connole, supra*. We must assume that in that case the court reached a determination that it was for the best interests of all the parties before it that dower should be assigned in a manner not warranted by statute. Such determination, however, did not validate the court's decree in that case; neither can a like determination give legal force to the decree before us. In entering that decree the Superior Court assumed to act in excess of its jurisdiction.

Although the foregoing is conclusive of the matter before us, we'will briefly consider the contention very strongly urged by the complainant at the hearing, viz., that as to the interests of the minor the assent of his guardian *ad litem* should be given controlling force because as it is asserted his guardian *ad litem* is not only his mother but is also his general guardian. If her assent be regarded as an agreement, such agreement would become effective only when approved by the Superior Court after independent consideration and a finding that the proposed agreement is clearly for the advantage of the minor. *R. I. Hos. Tr. Co.* v. *Hodgkin*, 48 R. I. 459 and *R. I. Hos. Tr. Co.* v. *Hodgkin*, 138 Atl. 184. A finding that the proposed agreement is for his best interests is unwarranted. It is urged by the complainant that the so-called agreement should be considered as prudent because based upon the experience tables as to the expectation of life of the widow, which was found to be twenty-eight years, and the total value and the rental value of the real estate in question, some portions of which are unproductive. The total value of the real estate of which the widow is dowable is $107,000. In *Connole* v. *Connole* this court approved the following observation of the Supreme Court of Illinois, clearly in accord with common experience: "We can imagine nothing more uncertain than the present value of a widow's life estate in real estate or in a fund." If all the parties before us were *sui juris* it would be within the power of a beneficiary under a similar trust to enter into such an agreement and take the chance that the widow would live to the end of the period of her expectation of life under the tables; that during that time the real estate would continue to give its present rental return; and that during that period the buildings now rented would escape destruction or deterioration by fire or from other causes. While it would be within the power of a beneficiary of full age to enter into such an agreement it would appear to be, even as to such an adult, a bargain of very doubtful advantage for him to make an absolute present payment for the

widow's dower right of a sum equal to over one-fifth of the entire value of the real estate. The submission of the rights of a minor to the outcome of such a wagering contract should not be approved as clearly for his best interests.

In order to make a determination in some proceedings before it a court is forced to resort to the tables of expectancy of life. No such necessity is presented here. In this matter the relative rights of the widow and the beneficiaries under the trust are clearly defined in law, and are readily capable of exact determination by the methods prescribed by statute. The representative of a minor should not be upheld in disregarding the plain provisions of the statute and resorting to an unnecessary compromise of doubtful advantage to the infant.

The decree appealed from is reversed. The cause is remanded to the Superior Court for further proceedings.

*Gardner, Moss & Haslam,* for complainant.

*Tillinghast & Collins, Colin MacR. Makepeace,* for Trust company.

*William M. P. Bowen,* for Alice B. Abbott, Guardian, &c.