348 A.2d 26.

BARBARA S. DICKSON *vs.* INDUSTRIAL NATIONAL BANK OF R. I. *et al.*

NOVEMBER 25, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. These are cross-appeals from a Superior Court judgment assigning Barbara S. Smiley (now Barbara S. Dickson) dower in all the real estate of which her husband, Albert F. Smiley, died seized or possessed.

The facts are not in dispute. Albert F. Smiley died testate on January 11, 1972 owning several parcels of real estate which had an estimated fair market value over and above encumbrances of slightly in excess of $800,000. His will was admitted to probate by the Warwick Probate Court on February 10, 1972 and the widow under authority of G. L. 1956 (1969 Reenactment) §33-6-22[1] signified

---

[1] General Laws 1956 (1969 Reenactment) §33-6-22 reads as follows:

"The widow of any testator, in whose will provision 'is made for said widow in lieu of her dower, shall, in case of her nonacceptance of such provision, signify the same in writing to the probate court within six (6) months from the probate of the will."

her nonacceptance of the testamentary provisions made therein for her in lieu of her dower. Thereafter the Probate Court acting on a petition filed pursuant to §33-4-23 by the coexecutors of the husband's will assigned the widow dower by setting off separate parcels of her late husband's real estate "in accordance with Title 33-4-3, 15."[2]

The widow then appealed to the Superior Court where a judgment was entered affirming her entitlement "* * * to dower in all the real estate of which her husband died seized and possessed." She then appealed to this court, assigning as error the Superior Court's refusal to award her dower in the form of a gross sum of money. The coexecutors also appealed. While they agree that the Superior Court judgment is correct insofar as it endows the widow with one full and equal third part of all her husband's real estate, they argue that it is deficient because it fails to define the manner of assigning that interest.

In this state, as at common law, dower is the life interest which a wife acquires upon her husband's death in onethird of all the real estate of which he may have been seized or possessed at any time during their marriage.[3] In assigning that interest a court lacks jurisdiction to act otherwise than as prescribed by statute, *Abbott* v. *Rhode*

---

[2]General Laws 1956 (1969 Reenactment) §33-4-3 provides that when dower is demandable in more than one lot or parcel, the assignment need not be of a part of each lot or parcel, and §33-4-15 provides a procedure for assigning dower in one or more of the several parcels to which the widow's dower right attaches.

[3]General Laws 1956 (1969 Reenactment) §33-4-1 provides:

"The widow of any person dying intestate or otherwise shall be endowed of one full and equal third part of all the lands, tenements and hereditaments, whereof her husband, or any other to his use, was seized of an estate of inheritance, at any time during the intermarriage, to which she shall not have relinquished her right of dower by deed, except in the cases provided for in §33-4-32."

*Island Hosp. Trust Co.,* 49 R. I. 87, 90, 140 A. 356, 358 (1928); *Connole* v. *Connole,* 45 R. I. 1, 7, 119 A. 321, 323 (1923), and, absent some special reason therefor, it should exercise its authority in accordance with the legislative preference for a metes and bounds division. *Arnold* v. *Probate Court,* 25 R. I. 506, 56 A. 772 (1903). In this case the positive uncontradicted evidence is that such a division is impracticable and that being so the alternatives made available by the Legislature are to award the widow a third part of the rents and profits from all the lands for life or to set apart for her one or more of the parcels in which she is dowable to the exclusion of the others.

The widow confesses her inability to point to an enactment specifically authorizing an allocation of dower in the manner she advocates. Nonetheless, she argues that the absence of such authority is immaterial, particularly in the light of §33-4-27[4] which she contends furnishes a basis for the Superior Court to order a sale of her late husband's real estate and the payment to her of a gross sum out of the proceeds of that sale in lieu of her dower. It seems to us, however, that she gives §33-4-27 much too broad a

---

[4] General Laws 1956 (1969 Reenactment) §33-4-27 reads as follows:

"In any case where real estate shall be ordered sold by any court, except where otherwise specially provided, or real estate is taken under authority of law, and it shall appear that a surviving widow is or may be entitled to dower therein, the court having jurisdiction of the proceedings may, in its discretion, upon the petition of the surviving widow and after notice, order the present value of her dower right or interest, as assessed by the court, to be paid to her in lieu of dower out of the proceeds of such sale or taking; or the court may in any such case, in its discretion, upon the petition of the widow, set apart for the life of the widow one-third (1/3) of the proceeds of such sale or taking, and shall appoint a trustee to receive, hold, manage and invest the same, and the annual income thereof shall be paid to the party entitled to dower until such dower right or interest terminates, and the principal shall then be paid to the parties entitled to the same."

scope. Obviously it authorizes a payment in lieu of dower out of the proceeds of a sale. As we read the enactment, however, that authorization is intended to apply only to sales made pursuant to judicial orders entered in proceedings separate and distinct from those designed to set off dower as, for example, where land is ordered sold to pay taxes or the debts of a deceased husband's estate. *See In re Culver,* 12 Del. Ch. 395, 396-97, 104 A. 784, 785 (Orphans' Ct. 1918).[5] It follows that §33-4-27 is unavailable as authority for awarding the widow a gross sum.

Additionally, the widow claims that *Sheffield* v. *Cooke,* 39 R. I. 217, 98 A. 161 (1916), buttresses her position. The court in that case stated:

> "Although there is an absence of specific statutory authority for the proposition that the widow may be awarded a gross sum as dower in the proceeds of sales of land, the cases and authorities submitted we think show that such an award may be made when the circumstances justify it." *Id.* at 268, 98 A. at 179.

Whatever support that language lends to the widow's position was completely undermined in *Connole* v. *Connole, supra* at 6, 119 A. at 323, where we termed the *Sheffield* comment "misleading *obiter dictum,*" and in *Abbott* v. *Rhode Island Hosp. Trust Co., supra* at 90, 140 A. at 358, where we said that "* * * our statute does not provide for the assignment of dower by the award to a widow of a sum in gross." Moreover, the *Sheffield* case is distinguishable factually from this case. The issue there was the appropriate disposition of the proceeds of real estate

---

[5]Indeed, in this very case the Warwick Probate Court ordered a sale of the husband's land to pay estate and inheritance taxes and, pursuant to the authority conferred by G. L. 1956 (1969 Reenactment) §§33-4-27 and 33-19-20, the payment out of the proceeds of the present value of the widow's dower interest in the land thus sold. The same court recently authorized the sale of another parcel of real estate to pay tax deficiencies, bills and expenses. The plaintiff's dower interest in this land has been ordered to be set off and paid at its commuted value.

already sold whereas here it is the designation of the dower interest in real estate as yet unsold.

Finally, the widow argues that to impose upon her the burden of managing whatever real estate may be assigned to her as dower in preference to awarding her "* * * a sum in gross which will not be diluted other than by her own personal family needs and instead be enhanced in value by providing a quick and prudent means of furnishing an income producing investment in savings accounts or governmental obligations" is completely out of harmony with "the practical economic and social realities of the present." That argument opens many provocative issues none of which need be explored in light of the principle enunciated earlier that the mode of assigning a widow's dower interest is completely controlled by statute. *Abbott v. Rhode Island Hosp. Trust Co., supra* at 90, 140 A. at 358; *Connole v. Connole, supra* at 7, 119 A. at 323. Hence, whatever merit the wife's argument may have is a matter for legislative, not judicial, concern. Accordingly, we conclude that neither this nor the other contentions urged by the widow justify awarding her dower in the form of a gross sum.

The coexecutors' appeal stands on a firmer footing than does the widow's. Although they do not assert that the Superior Court erred in assigning the widow her dower, they argue that its judgment is nonetheless deficient because it does not determine an appropriate manner for designating that dower interest. Indeed, they go a step further and ask that we not only recognize that deficiency but also that we rectify it by concluding that a division by metes and bounds is impractical and that setting off to the widow one or more tracts of her late husband's real estate is preferable to assigning rents and profits. Implicit in what they urge is the further argument that we direct

the Superior Court to appoint commissioners to implement our conclusion.

There is considerable merit in these contentions and we agree that ordinarily a case in the posture of this litigation would call for a final disposition on the record before us rather than for a remand for the taking of further evidence and the making of further factual determinations. In this case, however, the evidence proffered by the widow and accepted by the trial justice focuses solely on her claim to an award of a gross sum. In vew of our rejection of that claim we believe that she should be given the opportunity of joining issue on the mode of designating her dower interest.

In these circumstances it seems to us that neither justice nor the interests of the parties will suffer if the case is remanded so that a trial justice in the Superior Court may ascertain which of the permissible modes for assigning dower should be designated in this case and for the entry of such orders as may be required to implement that designation. While this kind of remand may be unusual, there is precedent for it. *South County Sand & Gravel Co.* v. *Bituminous Pavers Co.*, 108 R. I. 239, 246, 274 A.2d 427, 431 (1971); *Golden Gate Corp.* v. *Barrington College*, 98 R. I. 35, 45, 199 A.2d 586, 592 (1964). If at all possible the additional evidence required should be submitted to the trial justice before whom the case has already been heard, and any new judgment should be based upon the evidence previously heard as well as on such additional evidence as may be offered by the parties in order to complete the record.

The widow's appeal is denied and dismissed, the co-executors' appeal is sustained in part, the judgment appealed from is reversed in part, and the case is remanded to the Superior Court for further hearing and other proceedings consistent with this opinion.

Mr. Chief Justice Roberts did not participate.

*John S. Lennon,* for plaintiff.

*Swan, Keeney, Jenckes & Asquith, Ernest A. Jenckes, Andrew H. Davis, Jr., Edward W. Moses,* for defendants.