Michele Whitcomb, b/n/f Mason Whitcomb, and Mason Whitcomb, Individually v. George Dancer and Janice Dancer

[443 A.2d 458]

No. 48-81

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed February 2, 1982

582

*George H. Spangler* and *Brian J. Grearson* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiffs.

*Robert D. Rachlin* and *James W. Runcie* of *Downs, Rachlin & Martin,* South Burlington, for Defendants.

**Peck, J.** The plaintiffs, Michele Whitcomb and her father, Mason Whitcomb, have appealed in this civil action from summary judgment entered in favor of the defendants, George and Janice Dancer.

Michele Whitcomb, a minor six years of age, was injured when attacked and bitten by a dog allegedly owned by the defendants. This action was commenced on her behalf by her

father, Mason Whitcomb, as her next friend, see 14 V.S.A. § 2657; V.R.C.P. 17(b), claiming negligence in permitting the animal to run loose. Mason also joined in the suit as a party plaintiff seeking to recover the costs of medical services provided to the child necessitated by her injuries.

On March 27, 1979, plaintiffs' attorney contacted opposing counsel stating: "Our clients have now authorized me to settle for $800. If you are interested, please send me releases as you desire executed." Defendants' attorney responded on April 9, 1979, by sending plaintiffs' attorney a settlement draft for $800 and requesting a V.R.C.P. 41 stipulation of dismissal. Nearly four months passed without any further action or contact by either party, until, on August 3, 1979, defendants' counsel telegraphed the attorney for the plaintiffs inquiring about the stipulation. No response was forthcoming or further communication, again by either party, for over five months.

On January 9, 1980, plaintiffs' counsel returned the $800 draft and informed defendants' attorney that plaintiff Mason Whitcomb now rejected the settlement. We cannot determine from the record what part, if any, the months-long delays may have played in Mason Whitcomb's second thoughts and consequent attempt to reject the offer of settlement. The defendants responded to the attempt, however, by moving to amend their answer to include the affirmative defense that the parties' negotiations resulted in an accord and satisfaction of the plaintiffs' claims. The motion to amend was granted and the defendants subsequently moved for summary judgment, raising the alleged settlement as a complete defense. On January 15, 1981, the trial court granted the motion, concluding there had been an accord and satisfaction of the claims of both plaintiffs.

On appeal plaintiffs raise two grounds of error. First, they contend the trial court erred in concluding that the nine-month retention of the draft by plaintiffs constituted an acceptance of the proffered settlement. Second, and alternatively, they argue that even if Mason Whitcomb had intended a settlement, his actions were not valid and binding as to his minor daughter and therefore could not operate as a bar to her cause of action.

We need address only the issue of the authority of Mason Whitcomb to settle his minor daughter's claim. It is the de-

fendants' contention that they accepted an offer to settle, made by the plaintiffs, when they mailed the $800 draft. Assuming, arguendo, that this is true we must decide whether a compromise entered into by a parent in settlement of a cause of action belonging to a minor child is binding upon that child.

It is generally held that a parent cannot compromise or release a minor child's cause of action absent statutory authority. *Doyle* v. *Bowdoin College*, 403 A.2d 1206, 1208 (Me. 1979); *Reliance Insurance Co.* v. *Haney*, 54 Mich. App. 237, 242, 220 N.W.2d 728, 731 (1974); *Burge* v. *City and County of San Francisco*, 41 Cal. 2d 608, 613, 262 P.2d 6, 9 (1953). The defendants note correctly that 14 V.S.A. § 2657 empowered the trial court to allow Mason Whitcomb to bring suit on behalf of his daughter Michele as her next friend. Section 2657 does not, however, authorize the next friend of a minor to compromise or settle the minor's claims.

Our statute establishing the authority of a parent to release the claims of a minor is 14 V.S.A. § 2643. This statute, as it existed on April 9, 1979,[1] when defendants' attorney mailed plaintiffs' attorney the $800 draft, provided:

> The superior judge of the county court within and for the county where the minor resides, on behalf of a minor, must approve of and consent to a release to be executed by a parent in the settlement of any claim which does not exceed the sum of $500.00. A release so furnished

---

[1] Effective May 10, 1979, § 2643 was amended to read as follows:

(a) The superior judge of the superior court within and for the county where the minor resides, on behalf of a minor, must approve of and consent to a release to be executed by a parent in the settlement of any claim which does not exceed the sum of $1,500.00. A release so furnished shall be binding on the minor and both parents, their heirs, executors, administrators or assigns, respectively.

(b) Any claim settled for a sum in excess of $1,500.00 shall require the approval of a court-appointed guardian.

Because we reject the defendants' argument that § 2643, prior to the 1979 amendments, gave parents unlimited authority to settle claims in excess of $500 belonging to their minor children, we have no occasion to reach the issue of the applicability of the amendments to the instant case.

> shall be binding on the minor and both parents, their heirs, executors, administrators or assigns, respectively.

The defendants assert that since the settlement in this case exceeded $500 it did not require the approval of the trial court. Therefore, they argue, summary judgment was appropriate because Mason Whitcomb had authority as Michele's parent to settle her claim.

The flaw in this argument lies in the assumption that § 2643 did not require judicial involvement in cases where a parent settled a minor child's claim for more than $500. It is true that prior to the 1979 amendments § 2643 was silent on this issue. We do not, however, interpret this silence as expressing a legislative intent to give parents carte blanche to settle these claims.

As we stated above, it is generally held that a parent cannot compromise a minor child's cause of action absent express statutory authority. E.g., *Burge* v. *City and County of San Francisco, supra,* 41 Cal. 2d at 613, 262 P.2d at 9. In enacting § 2643 (1959, No. 262, § 38) the Legislature granted parents limited authority to settle the claims of their minor children. The statute was obviously intended to permit the settlement of small claims belonging to minor children without the formality and expense attendant upon the appointment of a guardian for the child. Nevertheless, even in the case of relatively small claims, the Legislature did not totally remove the protections traditionally afforded by the guardianship procedure. Section 2643 imposes an affirmative obligation on the superior court judge to protect the best interests of the minor through an independent inquiry to determine whether the proposed settlement and parental release does in fact satisfy this standard.

There is no legitimate rationale for protecting minor children in settlement agreements of $500 or less, yet denying protection merely because the settlement is in excess of $500. In both situations the minor child is in need of protection from the potential improvidence of his or her parents. The defendants' interpretation of § 2643 thus runs afoul of a fundamental rule of statutory construction that no unjust or unreasonable result is presumed to have been contemplated

by the Legislature. *Nolan* v. *Davidson,* 134 Vt. 295, 299, 357 A.2d 129, 132 (1976).

 Furthermore, at common law even one appointed guardian ad litem cannot bind a minor litigant to a settlement agreement "absent an independent investigation by the court and a concurring decision that the compromise fairly promotes the interests of the minor." *Dacanay* v. *Mendoza,* 573 F.2d 1075, 1079 (9th Cir. 1978). See, e.g., *Saliba* v. *Saliba,* 202 Ga. 279, 283–84, 42 S.E.2d 748, 752–53 (1947); *Abbott* v. *Rhode Island Hospital Trust Co.,* 49 R.I. 87, 91, 140 A. 356, 358 (1928); *Kuykendall* v. *Zachary,* 179 Ark. 478, 480, 16 S.W.2d 590, 591 (1929). But cf. *Walker* v. *Ferrin,* 4 Vt. 523, 528 (1832) (dictum). A guardian ad litem is considered an officer of the court to represent the interests of an infant in the litigation. See *Black's Law Dictionary* 635 (rev. 5th ed. 1981). Plaintiff Mason Whitcomb, acting as Michele's parent or her next friend, certainly had no greater authority to settle Michele's claims than would a guardian ad litem. 14 V.S.A. § 2657; V.R.C.P. 17 (b). The defendants' argument would thus effectuate a substantial change in the common law. We will construe a statute in such a manner only where the legislative intent is clearly and plainly expressed. *Fairchild* v. *West Rutland School District,* 135 Vt. 282, 286, 376 A.2d 28, 31 (1977).

 We find no clear legislative intent in § 2643 to permit a parent to settle a minor child's claim in excess of $500 free of judicial supervision. Rather, we believe that § 2643 was intended to modify the common law only with respect to settlements of $500 or less. Where a proposed settlement agreement exceeded $500 it was necessary for the minor to be represented by a court-appointed guardian.[2] Cf. 14 V.S.A. § 2658 (guardian appointed by probate court empowered to settle minor's claims). We hold therefore that the purported settlement of Michele Whitcomb's cause of action was invalid and the grant of summary judgment in favor of the defendants was error.

---

[2] Our construction of § 2643 is consistent with the 1979 amendments to that statute. The 1979 Legislature recognized the ambiguity in the statute and therefore added § 2643(b), which expressly provides that settlements in excess of the statutory limit (now $1,500) must be approved by a court-appointed guardian.

 Reversal of the judgment below is also required because the parties failed to allocate a specific settlement sum to the minor child, Michele. Summary judgment is appropriate only when the materials properly before the court clearly show a lack of genuine issue as to any material fact. *Sykas* v. *Kearns,* 135 Vt. 610, 612, 383 A.2d 621, 623 (1978). The undisputed facts show that the parties attempted to reach a lump-sum settlement of the claims of both plaintiffs—not just those belonging to Michele Whitcomb. Such a procedure is unacceptable, particularly in cases involving minor children. Defendants seeking to contract with parents in settlement of litigation involving a minor plaintiff must expressly allocate any settlement between the plaintiffs. This will enable the superior court judge to properly perform the supervisory role required by 14 V.S.A. § 2643(a) in all cases where the proposed settlement is $1,500 or less. This procedure is also necessary so that the parties and the court will know when appointment of a guardian for a minor child is mandated by 14 V.S.A. § 2643(b). A settlement agreement involving a minor which does not make such express allocations is ineffective to bind the parties thereto. Accordingly, the purported settlement of the plaintiffs' claims was ineffective; the trial court erred in granting the motion for summary judgment.

*Reversed and remanded.*