[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an action for partition of real property. Pursuant to an order of this Court the property has been sold by the commissioners, who now seek instructions from the Court as to how to distribute the proceeds of the sale.
The plaintiff and the defendant shared the title to the real property as equal devisees under the residuary clause of the will of Rene Pincins, their father, late of the Town of Smithfield. In his will he devised his real property in equal shares to such of his children who survived him, subject to a life estate in the plaintiff.
The plaintiff claims she is entitled to a commuted present value of her life interest in addition to her remainder interest. The defendant claims that the plaintiff is entitled only to the income from the proceeds of the sale during her life and that her heirs or devisees are entitled to her remainder interest.
Neither party has noted that a portion of plaintiff's life estate has merged with her vested remainder in one-half of the estate. Gaddes v. Pawtucket Institution for Savings,33 R.I. 177, 184-85, 80 A. 415 (1911). Accordingly, the plaintiff owned an undivided one-half interest in the realty in fee simple absolute at the time of the partition, and a life estate subject to a vested remainder in the defendant in the other one-half interest.
The defendant is correct in arguing that the plaintiff is not entitled to the commuted present value of her life-time income from the one-half in which the defendant has a vested remainder.Connole v. Connole, 45 R.I. 1, 8, 119 A. 321, 324 (1923).
The proceeds of this sale must be distributed in accordance with G.L. 1956 (1984 Reenactment) § 34-15-18, which provides for a division "between the parties entitled thereto, in lieu of their interest in the estate." The plaintiff is entitled to one-half of the proceeds outright. She must hold the other one-half in trust for investment during her life-time, retaining only the income for her own use and preserving the principal to be paid over to the defendant at the end of the plaintiff's life. Nothing prevents the parties from otherwise disposing of this one-half interest by agreement during their joint lifetimes while both are competent.
The commissioners are instructed to pay over one-half the net proceeds of sale to the plaintiff. They will deliver the other one-half to the plaintiff to hold the same in trust for her lifetime during which she will be entitled to any income or gain earned by the trust. At the end of her life the balance of the principal, exclusive of interest or gain, will be paid over to the defendant.
The plaintiff will present a judgment upon notice to the defendant for entry in accordance with the instructions of the Court. Upon payment of the proceeds the commissioners will be discharged.