STATE *v.* JACK MALNATI.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*C. O. Granai* for the respondent.

*Webster E. Miller,* State's attorney, and *Henry A. Milne,* City Grand Juror, for the State.

MOULTON, J. According to testimony introduced by the State, the respondent used loud, profane and indecent language, at about 12.30 a.m., while outside an all-night lunch room. He was cautioned to refrain by police officer Holland, but, as he entered the lunch room, he persisted in his objectionable behavior. Holland then went inside and placed him under arrest. He resisted vigorously, but was finally overpowered by the policeman, assisted by police officer Leslie. In the course of the

scuffle he kicked Holland in the abdomen, inflicting a painful injury. This is the act charged against him on his trial for a breach of the peace. He was convicted, and has brought the cause to this Court on exceptions.

The first exception calls in question a remark made by the judge in ruling upon a question asked by respondent's counsel during the cross-examination of Leslie. It appeared that a crowd of 75 to 100 persons had collected in front of the lunch room, and, as the disturbance went on, a few of them protested against the arrest. The inquiry was whether a certain unnamed person was arrested because he said to the policeman, "Leave the fellow alone. He hasn't done anything." In excluding the question the judge said that "it was the judgment of the officers rather than that of the rabble that they should make the arrest." An exception was taken to the use of the word. "rabble" and the judge replied, "All of those who are interested in trying to prevent officers from doing their duty bear that title."

The ground of exception as stated below was that the word was prejudicial, without any attempt to point out how the respondent's interests were affected by it. Obviously, this objection is too general to require attention. It is argued, however, that since all of respondent's witnesses were among those present at the occurrence, what the judge said was in effect, and in advance of their testimony, a characterization of them as disreputable persons whose word was not entitled to credit. If this point had been clearly stated on trial, it may well be assumed that the judge would have disclaimed to the jury any intention to reflect upon the credibility of the witnesses who would be called in defense. Since the exception as taken below was not sufficiently explicit to apprise the judge of the real point of objection, it is not for consideration here. *Higgins, Admr.* v. *Metzger*, 101 Vt. 285, 296, 143 Atl. 394. And so, without deciding whether under the circumstances any prejudice has been made to appear, the exception is unavailing.

At the close of the charge the respondent took exceptions to the failure to give two certain instructions, neither of which had been made the subject of a written request previously presented to the court. If we treat these exceptions as oral requests to charge they were properly refused because they were out of time. Municipal court rule 20; *Russ* v. *Good*, 90 Vt. 236,

241, 97 Atl. 987; *Clark* v. *Tudhope*, 89 Vt. 246, 250, 95 Atl. 489; *Fadden* v. *McKinney*, 87 Vt. 316, 328, 89 Atl. 351. Even if they had been seasonably requested, the instructions could not have been given. The first was unsound in that it assumed that the police officers took the respondent out of the restaurant without warning him of any violation of law. Although there was a conflict of testimony upon this point, officer Holland testified that he said to the respondent, "You're under arrest for breach of the peace and ordered to come to the police station." Since the proposed instruction assumed a controverted fact, the failure to give it was not error. *Foundry Mfg. Co.* v. *Farr*, 98 Vt. 109, 112, 126 Atl. 548. Furthermore, the officer was not required to state the substance of the charge upon which the arrest was made until the respondent had submitted to his authority. *State* v. *Taylor and O'Donald*, 70 Vt. 1, 7, 39 Atl. 447, 42 L. R. A. 673, 67 A. S. R. 648.

 The second was to the effect that if the arrest was without authority on the part of the officers, the respondent was not responsible for a breach of the peace occurring in the course of it. While an unlawful arrest may be lawfully resisted (*State* v. *Jasmin*, 105 Vt. 531, 535, 168 Atl. 545; *State* v. *Mancini*, 91 Vt. 507, 510, 101 Atl. 581; *State* v. *Hooker*, 17 Vt. 658, 672), the right of resistance, being in the nature of self-defense, permits the arrested person to use only such amount of force as reasonably appears to him to be necessary under all the circumstances. *State* v. *Rounds*, 104 Vt. 442, 451, 160 Atl. 249; *McQuiggan* v. *Ladd*, 79 Vt. 90, 105, 64 Atl. 503, 14 L. R. A. (N. S.) 689. The proposed instruction disregarded this limitation, and amounted to saying that if the arrest was unauthorized the respondent was justified in committing a breach of the peace without regard to its nature.

██ The following instruction was given: "It appears to the Court at this time that one class of witnesses or the other has deliberately lied and committed perjury directly, knowingly and wilfully. We will not say which side it is, for it is for you to find on the testimony of the witnesses in this case as to the guilt or innocence of the respondent, and which witnesses you will believe. On the part of the State you have the police officers, and if their testimony is true, then the respondent must be guilty of the offenses charged. If the testimony of the police

officers is not true, and the testimony of the respondent's witnesses is true, the respondent is not guilty of the offenses charged. I might add further, that if the testimony of the officers is false, and that if it is such that you cannot believe them, and any other twelve men could not believe, they certainly do not stand in a position where they should be the guardians of the peace and property of the citizens of this country; for if they have deliberately framed this respondent to come here into court, and have told you, as they have told you, direct positive evidence that tends to convict him of this offense, and it did not happen as they have told, they ought not to be enforcing it. But you must consider their situation; you must consider the situation of the respondent and his witnesses."

An exception was taken to this charge and it is argued that it expressed an opinion, and was prejudicial in that it amounted to an instruction that the testimony of the police officers must be believed by the jury. The charge, however, does not merit this construction. The only thing approaching an opinion was the statement that it appeared to the court that there was perjury on one side or the other. But the decision was left to the jury, along with the question of the credibility of the witnesses. Under these circumstances, there was no error. *Seviour's Admr.* v. *Rutland Railroad Co.*, 88 Vt. 107, 110, 91 Atl. 1029, and cases cited. As to the rest of the instruction, nothing prejudicial of the nature alleged is made to appear.

*Judgment affirmed.*