[349 A.2d 237]

No. 65-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed December 2, 1975

*Michael J. Sheehan,* Windsor County State's Attorney and *William J. Donahue,* Windsor County Deputy State's Attorney, White River Junction, for the State.

*Edward R. Kiel,* Springfield, for Defendant.

**Smith, J.** The defendant, Wayne Carlson, was convicted of the crime of escape [13 V.S.A. § 1501(a)(1)] by jury verdict after a trial held on January 30–31, 1974. Judgment was entered on the verdict, and from it the defendant appeals to this Court.

The defendant, a Canadian citizen, was first confined in the correctional facility at Burlington, Vermont, upon a federal detainer by the Department of Immigration, for illegal entry into the United States. While at the Burlington Correctional Center, the defendant was charged with assault, escape, and aggravated assault as a result of an attempted escape in which the defendant was alleged to have been involved. The defendant was then transferred by the Department of Corrections to the State Correctional Center at Windsor, Vermont, for safe-

keeping, in accordance with 28 V.S.A. § 702. During his confinement at the Windsor Correctional Center the defendant escaped, but three days later he was apprehended by New Hampshire authorities and returned to Windsor.

The State concedes that the defendant was neither given notice of, nor a hearing on, the transfer from the Burlington Correctional Center to the one at Windsor.

The defendant, in two pretrial motions, questioned the legality of his custody at Windsor, claiming that his due process rights were violated and that, therefore, he was not in custody at the time of his alleged escape from Windsor. Both motions were denied.

The defendant's first claim is that he was in unlawful custody when he was incarcerated at the Windsor correctional facility. He does not attack, as we understand it, the lawfulness of his original incarceration in the Burlington Correctional Center. In essence, the defendant is saying that he was entitled to notice and hearing before he was transferred from one correctional institution to another, and, because of this claimed procedural lack, he was not in lawful custody at the time he escaped from the Windsor Center.

Vermont, like many states, permits the Commissioner of the Department of Corrections to transfer an inmate to any of the correctional facilities, with certain exceptions relative to children. The Commissioner has the authority to transfer a person, under arrest and charged with an offense, from one correctional facility to another if he determines that such person cannot be properly or safely kept at the original facility. 28 V.S.A. § 702(a), (b). Nothing in our statutes requires that notice and hearing be provided to the person so transferred. We are aware that the various federal jurisdictions have come to different conclusions on the right of a transferee to a hearing.

There were various lawful means by which the defendant could have raised the question of whether his detention at the Windsor Correctional Center was lawful. But escape was not such a method.

> The basic postulate that we are governed by rule of law requires that we recognize its authority, and recognize likewise our duty to challenge its application by resort

to proper judicial proceedings, not self-help. *In re Provencher*, 127 Vt. 558, 562, 255 A.2d 180 (1969).

We believe it to be fundamental that those who are under a court order may not challenge that order by violating it. *Walker* v. *City of Birmingham*, 388 U.S. 307, 320 (1967). We find no error in the trial court's not accepting the defense of unlawful confinement at the time he was charged with violation of 13 V.S.A. § 1501(a)(1) (escape statute). Nor do we find error in the trial court's denial of the defendant's motions to dismiss and for acquittal, which were advanced on the same ground.

The defendant's next issue involves the failure of the trial court to strike certain hearsay evidence, to the effect that the defendant "escaped from the correctional facility in Burlington, using a gun and taking seven hostages."

The record before us establishes that this answer was elicited from Mr. Moeykens, then warden of the Windsor Correctional Center under defense cross-examination. The question propounded by defense counsel was, "Let me ask you this, are you aware directly why and how Mr. Carlson was transferred, do you have any specific knowledge as to how and why?" Over the State's objection, the lower court allowed the question to be answered by the witness. The answer given was "Mr. Carlson had escaped from the Correctional Facility in Burlington, using a gun and taking seven hostages and when he was apprehended they considered him an initial security risk and so they transferred him to my facility."

Counsel for the defendant asked that the answer be stricken as "not responsive". The lower court ruled that the answer was responsive, and such ruling is not contested in the brief here. At no time did defense counsel object to the answer as hearsay. No opportunity was given to the trial court to rule on the hearsay question; it is presented before this Court for the first time. The question, therefore, is not for our consideration. *In re Shuttle*, 131 Vt. 457, 462, 306 A.2d 667 (1973).

The next issue presented by the defendant involves a reference, in the State's summation, to Mr. Moeykens' testimony concerning the reason for the defendant's transfer from the Burlington institution to the one at Windsor.

The record shows that defense counsel, in his argument, claimed that there was a gap in the evidence between the time

that the defendant was in the Burlington Correctional Center and his transfer to the Windsor facility on the question of lawful custody. The stated reference to Mr. Moeykens' testimony was in rebuttal, and not in opening the argument at the close of the evidence, and, hence was proper as the lower court found. V.R.Cr.P. 29.1.

The last issue raised by the defendant concerns the fact that the State, in summation, referred to the Department of Corrections' order which required the defendant to be committed and held in the custody, and in so referring said that it was issued by "Judge Costello of Chittenden District Court". The mittimus referred to was signed by an Assistant Clerk of the Chittenden District Court. The inadvertency of the State's Attorney in using Judge Costello's name has not been shown by the defendant to constitute prejudicial error. *State* v. *Jackson*, 127 Vt. 237, 238, 246 A.2d 829 (1968).

*Judgment affirmed; let execution be done.*