### State of Vermont v. Patricia Marie Sturgeon

[436 A.2d 777]

No. 240-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 16, 1981

*Mark J. Keller,* Chittenden County State's Attorney, *Susan R. Via,* Chief Deputy State's Attorney, and *Timothy U. Martin,* Law Clerk (On the Brief), Burlington, for Plaintiff.

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *James Allan Dumont,* Chittenden County Public Defender, Burlington, for Defendant.

**Underwood, J.** The defendant was charged with the crime of simple assault by recklessly causing bodily injury to another. 13 V.S.A. § 1023(a)(1). By agreement of the parties, who believe 13 V.S.A. § 1023(b) sets forth a lesser included crime of simple assault by mutual consent, the court submitted the case to the jury with instructions relating to the evidence on a greater and a lesser offense. The jury found the defendant guilty of simple assault by mutual consent. Judgment was entered on the verdict, and she was sentenced to 0 to 60 days, suspended, and ordered to make restitution of $150.00. Defendant appealed.

The defendant raises several grounds for appeal, but does not challenge the court's instruction on a lesser included offense. She claims that the court erred (1) by permitting the State to offer evidence of accomplice liability, when she was charged as a principal, and that this was compounded by instructing the jury that it could convict her as an accomplice even though she personally caused no bodily injury to the victim; (2) by refusing to permit her witness to express his personal opinion as to her peaceable character; and (3) by stating to the jury that the State's relationship to its witnesses is different from that of the defendant because the State has a duty to call all witnesses who may, in the opinion of the state's attorney, shed any light upon the case.

The incident at issue here grew out of an attempt by Walter P. Foley, a friend of the defendant, to teach her how to control her car when skidding on ice. He drove her car out on

the ice of Malletts Bay on the evening of February 2, 1980, while a local sports car rally was in progress there. Frederick Kern, acting as a rally official, was out on the ice maintaining a checkpoint. He was sitting in his parked car awaiting the rally participants when Foley's car skidded by and nearly sideswiped him. Foley paused and the two men exchanged angry words. To avoid a repetition of the incident, Kern moved his car closer to the Malletts Bay pier and marina.

Later that evening, Foley and the defendant again drove out onto the ice. This time the defendant was driving. Both she and Foley were intoxicated. She skidded her car alongside Kern's car as Foley had done earlier that evening. This time, however, her car collided with Kern's car.

To prevent the defendant and Foley from fleeing the accident scene before he could identify them and their car, Kern reached into the defendant's car and removed the ignition key. He then walked toward his car to call the Colchester police on his CB radio. A blow from behind knocked him to the ice. As he struggled to reach his car's CB, Foley gouged him in the right eye with a finger and the defendant ripped the microphone and cord from his hand. Someone severely bit Kern's hand as he attempted to blow the horn to attract attention. Thereafter, Foley continued to kick and beat him about the head and face while he was down, breaking his nose and cheek bone. Simultaneously, both defendant and Foley threatened that they would kill him. Foley and the defendant fled the scene when the rally chairman appeared. The melee left Kern severely injured.

In the prosecutions which followed, Foley pleaded guilty to aggravated assault. Defendant was initially charged with simple assault by purposely, knowingly and recklessly causing bodily injury to Frederick Kern. 13 V.S.A. § 1023(a)(1). The charge was later amended to simple assault by recklessly causing bodily injury to Frederick Kern.

The defendant contends that, because she was charged as a principal, it was error for the trial court to permit the State to offer evidence that she was acting as Foley's accomplice. She further argues that the trial court compounded the error by instructing the jury that it could convict her as an accomplice even if it found she had caused no specific bodily injury to Kern.

244

■ The crime of simple assault by recklessly causing bodily injury to another, 13 V.S.A. § 1023 (a) (1), requires no proof of a specific intent to commit the offense. The defendant contends that to convict a person as an accomplice to that same crime, absent evidence that the accused caused any specific injury to the victim, the State must prove that the defendant had the specific intent to procure, incite or encourage the act done by the principal. Without an amendment to the original information, she claims, she could not adequately or timely prepare a defense to the charge that she was acting as an accomplice. This, she avows, constituted prejudicial error.

Defendant's argument is not persuasive. She loses sight of the fact that she was informed against as a principal to a misdemeanor, namely simple assault by recklessly causing bodily injury to another. 13 V.S.A. § 1023 (a) (1); 13 V.S.A. § 1. At the request of the defendant, and with the consent of the State, the court instructed the jury that upon the evidence adduced at the trial they could consider whether the defendant was guilty of simple assault by recklessly causing bodily injury to Kern or of a lesser included offense, simple assault by mutual consent. 13 V.S.A. § 1023 (b). If 13 V.S.A. § 1023 (b) is a lesser included offense, as the parties claim, it too is a misdemeanor. 13 V.S.A. § 1.

■■ "All who knowingly and intentionally participate in the commission of a misdemeanor are principals and may be convicted thereof either separately or jointly." *State* v. *Orlandi*, 106 Vt. 165, 171, 170 A. 908, 910 (1934). So whether the defendant actually caused specific bodily injury to Kern or was merely participating as an accomplice of Foley is immaterial. In either case she can be informed against, tried and convicted as a principal.

■ Furthermore, the jury on the evidence adduced found the defendant guilty of simple assault upon Kern by mutual consent. To make such a finding the jury had to find that the defendant and Kern, by mutual consent, actually entered into "a fight or scuffle." 13 V.S.A. § 1023 (b). Since the defendant was found liable as a principal and found to have actually entered into the struggle, that portion of the court's charge which included an instruction on the law of accomplice liabil-

ity was surplusage and did not vitiate the remainder of the charge.

Defendant next argues that the trial court erred in refusing to permit her witness to express his personal opinion as to her peaceable character. She sought by the testimony of her employer to demonstrate this character trait. Her efforts were thwarted when the State objected, and the court sustained the objection on the ground that this evidence could only be admitted by way of defendant's general reputation for peaceable character.

Defendant concedes that the majority of the American jurisdictions, Vermont included, have held to the rule that only community reputation may be admitted and that the personal knowledge and belief of a witness as to the defendant's relevant character traits is rigorously excluded. "A person's general reputation is made up of what his neighbors and acquaintances think of him, basing their opinion on what they have observed and heard regarding his conduct in the past." *In re Monaghan*, 126 Vt. 53, 62, 222 A.2d 665, 672 (1966).

Defendant says it is now time for us to jettison our long standing rule of evidence limiting relevant character traits of the defendant to testimony of his or her reputation in the community. A careful reading of the cases from other jurisdictions and the opinions in treatises on the subject does not induce us, upon the circumstances in this case, to discard the reputation evidence rule. Prudence dictates that long established rules should not be changed for light and transient causes.

Lastly defendant insists that a portion of the court's instruction to the jury was a misstatement of the law as applied to this case, namely:

> The relationship of the State to the witnesses that it produces is different from that of a private party. The State is under a duty to produce and use all witnesses of whatever character whose testimony in the opinion of the State's Attorney may shed any light upon the investigation.

Record, June 20, 1980, at 70.

The defendant asserts that she had to call Foley as one of her witnesses because the State did not do so and he was the

only eyewitness to the incident other than the victim and the defendant. Since the State extensively impeached Foley, but impeached none of its own witnesses, the defendant contends that the jury could infer that those witnesses who were not called by the State could not "shed any light upon the investigation." In short, the defendant argues that the court's instruction to the jury was reversible error because it shored up the credibility of the State's witnesses to the prejudice of the defendant.

██ It would have been preferable had the trial court limited this charge to circumstances where the state of the evidence demonstrated its necessity. *State* v. *St. Amour,* 139 Vt. 99, 103, 422 A.2d 937, 939 (1980). To find reversible error, however, requires that we consider the instruction in the context of the whole charge, rather than in isolation. *Id.* at 102, 422 A.2d at 939; *State* v. *Persuitti,* 133 Vt. 354, 360, 339 A.2d 750, 754 (1975). To obtain reversal the defendant must show prejudice. *State* v. *St. Amour, supra,* 139 Vt. at 104, 422 A.2d at 940. She claims prejudice but has failed to show any.

██ The fact that the State did not call all witnesses within reach of its power to subpoena did not, in and of itself, lend error to the charge. The State is only bound to produce those witnesses who *in its opinion* may lead to the truth. *Id.,* 422 A.2d at 939–40. The trial court's instruction did not imply otherwise. Further, the court instructed the jury that *its* opinion, not the prosecutor's, was to govern on the issue of the credibility of all witnesses. Thus, taking the charge as a whole, there is no prejudice. The jury was free to resolve the "swearing contest," as defendant describes it, for itself. There was credible evidence to support its verdict that defendant was guilty of committing a simple assault upon Kern by mutual consent.

*Judgment affirmed.*