## State of Vermont v. Robert E. Desjardins

[454 A.2d 1230]

No. 54-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed November 8, 1982

*Susan L. Fowler* and *Dena Monahan,* Chittenden County Deputy State's Attorneys, and *Robert Andres,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,*

Appellate Defender, and *Nancy E. Kaufman,* Acting Appellate Defender, Montpelier, for Defendant-Appellant.

**Barney, C.J.** The defendant was convicted of simple assault after a trial by jury. He now appeals, claiming the court erred in instructing the jury. At issue is the legality of the search of defendant's car, a search which turned confrontational and ultimately precipitated the assault. For reasons which appear herein, we condemn the aggressive actions of the Essex Police Department but, finding no reversible error, affirm the trial court order.

Most of the events preceding the altercation between the defendant and three Essex Police officers are undisputed. The defendant, while on his way with his infant daughter to pick up his wife from a bingo game, was spotted and eventually stopped by one officer for defective equipment: an obstructed license plate. The officer was apparently misinformed by radio that the license plates were not assigned to the defendant's 1971 Chrysler Imperial. In any event, the officer radioed for a backup on the basis of that misinformation. While checking the defendant's license and registration, the officer noticed an empty holster and box of ammunition in the open glove compartment and a rifle partially covered on the back seat.

During the license verification, two more police cruisers arrived, one carrying a sergeant who then became the senior officer at the scene. Although the defendant was neither frisked nor placed under arrest, the sergeant proceeded to search the interior of defendant's car with his flashlight. The defendant, who by now had received a clean bill on all counts —the license and registration were valid, there was no revolver for the empty holster and the rifle was unloaded—protested the search. At this point, what transpired is not completely clear. Apparently, the sergeant told the defendant that the police had a legal right to search the car and that such a search was standard department policy. While the defendant became increasingly upset, the sergeant continued scanning the car with his four cell flashlight. At one point, the sergeant even shined the light into the baby's eyes and caused the baby to cry.

Regretfully, the sergeant continued in a manner which we can only describe as antagonistic. Despite protests by the de-

fendant and his pregnant wife, who by now had walked over from the bingo game and was trying to calm the baby, the sergeant shined the light in the defendant's face and, by the officer's own account, "I just watched him. I could see his facial expressions tighten up . . . ." The defendant was meanwhile protesting in loud and occasionally obscene language (although by some accounts, the protests were initially polite). Finally, the defendant took more direct action, by attempting to knock the flashlight from the sergeant's hands. A melee ensued, during which two of the three officers sustained some injuries and the defendant was beaten with a leather and lead "sap," "possibly" a flashlight and finally, after being handcuffed and held face down on the ground, maced.

The defendant asks that we reverse his conviction for simple assault under 13 V.S.A. § 1023(a). He argues persuasively that the allegedly illegal arrest and search culminated in an atmosphere of provocation. Furthermore, he argues, this provocative conduct by the Essex Police, against which the defendant's conduct must be viewed, was erroneously removed from the jury's consideration by the jury instructions.

■■ We do not agree with the defendant. Viewing the jury instructions as a whole, *State* v. *Joyce*, 139 Vt. 638, 640, 433 A.2d 271, 273 (1981), it is clear that the court was distinguishing between the enhanced crime under 13 V.S.A. § 1028 and simple assault under 13 V.S.A. § 1023. The trial court first carefully and clearly explained each element of a violation of § 1028. As we have in the past pointed out, § 1028 requires that the simple assault of an officer occur "while the officer . . . is performing a *lawful duty*." *State* v. *Peters*, 141 Vt. 341, 347, 450 A.2d 332, 335 (1982) (citing 13 V.S.A. § 1028). *Peters* also holds that the lawfulness of the officer's duty is to be measured against the scope of his employment and not against the ultimate decision regarding the technical legality of the activities in question. The defendant claims that instructing the jury that "none of these acts of search and seizure were in themselves unlawful" removed from the jury's consideration one essential element of the crime. However, the instructions also clearly were that, if the jury found that "the officer himself committed an assault, or

used excessive force in dealing with the defendant prior to striking, then he was not performing a lawful duty and you [the jury] must find the defendant not guilty."

In contrast, § 1023, the lesser included offense, only requires that an unjustified assault occur; the lawfulness of the officers' conduct is only relevant to the *defense* issues of provocation and self-defense. We are satisfied that the trial court correctly distinguished this lesser included offense. We note in particular that the court repeatedly emphasized the need to weigh all the circumstances, both to determine the lawfulness of the police conduct and to determine the reasonableness of the defendant's response. We find additionally that the trial court correctly instructed that § 1023 has "[n]othing to do with the status of the individual as a police officer . . . and [is] without regard to whether [the individual was] acting in the performance of a lawful duty."

The jury returned with a verdict of not guilty on all counts of assault against one of the officers. Regarding the second officer, a not guilty verdict on the charge of assault on a law enforcement officer was returned. A guilty verdict was returned only on the simple assault count against one of the two officers. We cannot conclude, on this record, that the instructions so prejudiced the defendant as to deprive him of a right to a fair trial and mandate reversal. *State* v. *Sturgeon*, 140 Vt. 240, 246, 436 A.2d 777, 781 (1981); *State* v. *St. Amour*, 139 Vt. 99, 104, 422 A.2d 937, 940 (1980).

It bears repeating that the street is not the place to settle grievances. Cf. *State* v. *Peters, supra,* 141 Vt. at 345, 450 A.2d at 334. Viewing the evidence in the light most favorable to the State, *State* v. *Prime,* 137 Vt. 340, 403 A.2d 270 (1979), it appears that the defendant was the primary aggressor in escalating the confrontation. While we condemn the sergeant's immature actions, they offer neither excuse nor defense to the defendant. Once the defendant attempted forcibly to remove the light from his face, the other officers were not bound to remain idle. We will not second guess the jury regarding the credibility of the testimony presented. Restraint of the defendant, who continued violently to resist, was appropriate under the circumstances. Having been correctly charged

on self-defense, the jury was free to decide that the defendant's actions were not reasonable under the circumstances.

It may well be that a disproportionate amount of force was used to subdue the defendant. However, questions regarding the propriety of the use of mace are not presented here for our review.

On appeal, one final attack is mounted of which we must dispose. The defendant argues that the sergeant's flashlight search of the car was a violation of the Fourth Amendment prohibition against unreasonable search and seizure in that probable cause for the search was lacking. It is unclear where the defendant would have us take this argument. Even assuming arguendo that the search was too intrusive and beyond the permissible range under the Fourth Amendment, reversal is not required. We are faced not with a suppression situation or a misapplication of the exclusionary rule of evidence, but with an appeal of conviction for simple assault. Ultimately, defendant's constitutional argument devolves into a flank attack on the jury instruction we uphold *supra*.

It is clear that the defendant believes the jury to have been misled. As we noted, however, we are unpersuaded that the jury failed to appreciate the distinction between the need to find that the officers were performing their lawful duty before enhanced penalties under 13 V.S.A. § 1028 became operative, and the finding that an unlawful search could aggravate a confrontation and lend credence to a claim of self-defense. We believe that the judge's characterization of the police as being engaged in acts "not in themselves unlawful" was clearly tied to an explanation of § 1028 and the meaning of "lawful duty." Further, we approve of the trial court's careful attempt to define this term in view of the legislature's silence. Cf. *State* v. *Peters, supra,* 141 Vt. at 347, 450 A.2d at 335.

*Judgment affirmed.*