# State of Vermont v. Michael A. Campanelli

[454 A.2d 1248]

No. 281-80

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed December 27, 1982

*John J. Easton, Jr.*, Attorney General, and *J. Wallace Malley, Jr.*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Michael D. Caccavo*, Barre, for Defendant-Appellant.

**Barney, C.J.** The defendant was convicted of nine separate offenses stemming from incidents which occurred during his freshman year at Lyndon State College. On brief and during oral argument, the State confessed error in one of the convictions, that of unlawful trespass, Docket No. 36-1-80CaCr, Count No. 5. We therefore reverse the judgment and enter a judgment of acquittal on that count. Two other convictions are unchallenged here by the defendant: one for unlawful trespass, Docket No. 36-1-80CaCr, Count No. 1, and the other for unlawful mischief, Docket No. 37-1-80CaCr, Count No. 2.

We are left to deal with six convictions on appeal: two for simple assault, two for disorderly conduct, one for simple assault against a law enforcement officer, and one felony count of impeding an officer. For reasons which appear herein, we affirm all six contested convictions. In spite of the number of convictions, we have only two issues to determine, self-defense and incompetency of counsel. Other issues raised by the defendant are not addressed for reasons which will be expressed later.

The facts of this case may be summarized briefly. Two of the offenses, simple assault and disorderly conduct, arise out of defendant's activities on November 16, 1979. Taken in the light most favorable to the State as the prevailing party below, *State* v. *Daigle*, 136 Vt. 178, 180, 385 A.2d 1115, 1116 (1978), the evidence is as follows: On the weekend prior to November 16, the defendant was escorted from a campus dormitory by the acting campus supervisor for disorderly behavior. On November 16, this same acting supervisor was again called upon to eject the defendant. The defendant resisted leaving the dorm, despite at least seven requests that he do so, and finally he initiated a fight with the supervisor. In his efforts to subdue the defendant, the supervisor sat on him, pinning his arms. The defendant then bit into the supervisor's thigh. When a second supervisor came to help, she was kicked in the head by the defendant. With the assistance of several campus security officers, the staff finally succeeded in

restraining the defendant. As a result of his actions, the Dean of Students suspended the defendant from school for nine days, placed him on disciplinary probation for the remainder of the academic year and prohibited him from being in or around the residence halls until further notice. The defendant's November 16th activities resulted in convictions for simple assault and disorderly conduct, both of which are before us on appeal.

On January 18, 1980, the defendant violated the Dean's order by again appearing in a campus dormitory. Two state troopers were called by the staff and removed him from the building. A conviction for unlawful trespass based on this incident has not been appealed.

Later that evening, the defendant returned to campus and was seen at a party in the Vail Student Center snack bar. A campus security officer called the state police, who returned to remove the defendant. When the trooper approached the defendant and advised him that he was under arrest for unlawful trespass, the defendant insisted that he had a right to be on campus and that he was not going to leave. The defendant then fulfilled his promise to "make it as hard as possible" for the state troopers to remove him. Two troopers and two campus security officers were required to remove the writhing defendant. Five more convictions resulted from this episode. As noted above, the State confesses error in one of them, an unlawful trespass conviction arising from this episode, leaving us with an appeal from the remaining four.

The defendant raises numerous challenges to all of the convictions appealed, but only one of his challenges was properly preserved below. The defendant concedes, as he must, the well established rule that this Court will not consider matters raised for the first time on appeal. *State* v. *Prue,* 138 Vt. 331, 332, 415 A.2d 234, 234 (1980) (per curiam). However, he seeks to avoid application of this rule by alleging the ineffective assistance of defense counsel, which, he argues, rises to the level of extraordinary circumstances. *In re St. Johnsbury School District,* 137 Vt. 557, 558, 409 A.2d 573, 574 (1979). In essence, the defendant claims that, but for his inadequate representation, at least five additional issues would have been raised below, the absence of which "clearly prejudiced" him at

trial and on appeal. We address first the one issue which was raised below and is therefore clearly before us, self-defense.

The defendant would have us believe that his resistance to the dormitory supervisors on November 16, and to the state troopers on January 18, was a legitimate defense against an unlawful assault. He argues that, even if the eviction and the arrest were lawful, he would still be privileged to use reasonable force in self-defense against the excessive force of the dormitory supervisor and the state trooper. *State* v. *Dragon*, 128 Vt. 568, 570–71, 268 A.2d 913, 915 (1970); *State* v. *Malnati*, 109 Vt. 429, 432, 199 A.2d 249, 250 (1938). This claim may be easily disposed of. In the first place, the incidents which resulted in defendant's arrest began peacefully. The jury apparently believed that the defendant was the initial aggressor, and we see nothing in the record to indicate that their conclusion is unsupported by credible evidence. *State* v. *Jaramillo*, 140 Vt. 206, 436 A.2d 757 (1981). Additionally, we see no basis for overturning their verdict concerning the reasonableness of the defendant's response. The jury, properly charged on the defense of self-defense and faced with controverted facts, was free to decide that the defendant acted with force in excess of that which reasonably appeared necessary under all the circumstances of the case. Cf. *Staab* v. *Northfield Savings Bank*, 134 Vt. 44, 46, 349 A.2d 214, 215 (1975); *In re Hatch*, 130 Vt. 248, 257–58, 290 A.2d 180, 186 (1972).

In the alternative, defendant argues that his arrest on January 18 at Vail Student Center for unlawful trespass was unlawful because the trooper lacked probable cause. As a result, the defendant reasons that he was entitled to resist with reasonable force. Conversely, the State argues that we should take this opportunity to extend our recent holding in *State* v. *Peters*, 141 Vt. 341, 347, 450 A.2d 332, 335 (1982), to encompass warrantless arrests. However, on these facts we need not decide whether to extend *Peters;* it is clear that probable cause existed and that the arrest of the defendant was lawful. What the defendant overlooks in his analysis of his arrest is that information, even if erroneous, supplied by ordinary citizens or other police departments has considerably greater indicia of reliability than information supplied by "someone who

is himself involved in criminal activity or is, at least, someone who enjoys the confidence of criminals." *United States* v. *Harris*, 403 U.S. 573, 599 (1971) (Harlen, J., dissenting).

■ An examination of the record reveals that, on January 18, the state trooper came in response to a call from a campus security officer. The same trooper had escorted the defendant from campus earlier that evening. When the trooper arrived, the security officer pointed out the defendant. The trooper approached the defendant, told him that he was under arrest and began to lead him from the Vail Student Center. The defendant began to resist after the two had walked approximately fifteen feet toward the exit. The ensuing altercation escalated until four people were actively involved in subduing the defendant. The trooper clearly relied on reasonably corroborated hearsay from a "witness." Cf. *Whiteley* v. *Warden*, 401 U.S. 560 (1971) (police generally entitled to act on basis of communication through official channels directing or requesting that an arrest be made). See generally, 1 W. LaFave, Search and Seizure §§ 3.3–3.5 (1978 & Supp. 1982). Not only did the apparent reliability of the security officer preclude the need for further verification and provide probable cause as a matter of law; in addition, the response of the defendant to his arrest was completely disproportionate to the situation.

■■ As noted above, the defendant also alleges the ineffective assistance of counsel which, he argues, gives rise to extraordinary circumstances and allows us to consider his claims even though not preserved for appeal. This of course is an incorrect statement of Vermont law. Ineffective assistance of counsel claims must be brought through collateral attack under post-conviction proceedings, rather than on direct appeal. This procedure is designed to afford a review based on a "full evaluation of all relevant issues, rather than on the inadequate inferences of a trial transcript." *State* v. *Durling*, 140 Vt. 491, 497, 442 A.2d 455, 458 (1981). Therefore, we make no determination whether the actions of defense attorneys which defendant now challenges were legitimate trial tactics. See *In re King*, 133 Vt. 245, 251, 336 A.2d 195, 199 (1975).

*In Docket No. 36-1-80CaCr, Count No. 5, the judgment is reversed and judgment of acquittal is entered. In Docket Nos. 34-1-80CaCr, 35-1-80CaCr, 36-1-80CaCr and 37-1-80CaCr the judgments are affirmed except as above ordered.*