## State of Vermont v. Michael J. Fuller

[503 A.2d 550]

No. 84-336

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed November 8, 1985

*Melissa A. Dempf*, Chittenden County Deputy State's Attorney, and *Douglas Cohn*, Law Clerk (On the Brief), Burlington, for Plaintiff-Appellee.

*Thomas B. Bailey*, Burlington, for Defendant-Appellant.

**Per Curiam.** Defendant was charged with and convicted of assault on a police officer in violation of 13 V.S.A. § 1028. He appeals from the judgment of conviction. We affirm.

The principal question for resolution here is whether Sergeant Lavallee of the South Burlington Police Department was performing a lawful duty when defendant assaulted him.

■ 13 V.S.A. § 1028 makes the offense of simple assault, 13 V.S.A. § 1023, a different and more serious crime when inflicted upon police officer performing a lawful duty. "It is an essential element of the offense that the assault occur 'while the officer . . . is performing a *lawful duty.*'" *State* v. *Peters*, 141 Vt. 341, 347, 450 A.2d 332, 335 (1982) (emphasis in original).

The facts in this case are simple and straightforward. Defendant was arrested by the South Burlington Police Department for driving while under the influence of intoxicating liquor and was taken to the police barracks for D.U.I. processing. At the barracks, Officer Small read processing forms to the defendant while Sergeant Lavallee set up a tape recorder in a nearby doorway which recorded the processing, including, among other things, defendant's side of his private telephone conversation with his attorney.

At the end of the processing, defendant was given a citation to appear in court. He crumpled the citation, and shoved Officer Small twice which caused Small to fall into Officer Gaines. Sergeant Lavallee was called in to assist the officers. When the sergeant appeared in the doorway, defendant pushed aside the two other officers and grabbed Lavallee by the throat with both hands. Defendant squeezed Lavallee's throat for ten seconds

before being subdued. The sergeant experienced muscle neck pain and a sore throat which caused him to seek medical assistance.

Defendant contends that Sergeant Lavallee tape recorded his conversation with his attorney in violation of 18 U.S.C. § 2511(1), which prohibits the interception and disclosure of certain wire or oral communications. Thus, defendant argues that the officer was not performing a lawful duty when the assault took place. We disagree.

■ Even if the act of recording the defendant's side of the telephone conversation with his attorney was a violation of the federal statute, a question we need not decide here, Sergeant Lavallee was *not* taping the telephone conversation at the time he was assaulted. Lavallee entered the processing room to assist the other officers when the defendant became violent. Indeed, as we have noted, his assistance was rendered at their request. It is unmistakably clear that, at the critical time, Sergeant Lavallee was performing a lawful duty in assisting the other officers when the defendant seized him by the throat.

The defendant was properly found guilty of assaulting a law enforcement officer in violation of 13 V.S.A. § 1028.

*Judgment affirmed.*