## State of Vermont v. Patrick Collins

[509 A.2d 1020]

No. 84-398

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed April 11, 1986

*Robert M. Butterfield,* Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Vincent Illuzzi* and *Susan A. Davis,* Law Clerk (On the Brief), of *Vincent Illuzzi & Associates,* Orleans, for Defendant-Appellant.

**Per Curiam.** Defendant appeals a conviction of assault on a police officer in violation of 13 V.S.A. § 1028. We affirm.

The facts are as follows. Defendant was a guest in a residence in North Concord, Vermont. At approximately 5:00 p.m., a uniformed state police officer was dispatched to the residence to investigate a complaint regarding a drunk person on the premises. He arrived at the residence in a marked Vermont State Police cruiser. The owner of the residence told the trooper that he had asked defendant to leave the property but that defendant had refused to comply with his request. Defendant then stated that he would leave the premises with the trooper. The trooper agreed to transport defendant, and the two men left in the cruiser.

At trial, the trooper testified that during the ride from North Concord to St. Johnsbury defendant stated that he was going to hit the trooper. He testified further that when they arrived at the

point where the defendant wanted to be dropped off, defendant swung at him with his right fist, striking him beneath the right eye.

Defendant's sole argument on appeal is that the assault did not occur "while the officer [was] performing a lawful duty." See 13 V.S.A. § 1028. Defendant complains first that the trial court refused to admit testimony relevant to this issue. Defendant does not indicate, however, what evidence the trial court refused to admit, and we have absolutely no basis on which to review this claim of error.

The logic underlying defendant's substantive argument is quite straightforward. He argues that the officer, in taking defendant home, was not acting in the performance of his lawful duty, but rather as a volunteer. According to defendant, "the officer was doing little more than transporting a hitchhiker, which would amount to 'a capricious frolic of his own outside the scope of his employment.'" See *State* v. *Peters*, 141 Vt. 341, 348, 450 A.2d 332, 336 (1982). *Peters*, however, requires defendant to introduce evidence demonstrating that the arresting officer was on a frolic of his own. *Id.* No such evidence was introduced, and the record does not indicate that such evidence was proffered.

Although the police officer was admittedly not under any compulsion to offer defendant a ride, it was well within the scope of the officer's employment to peaceably remove defendant from the place where his behavior had been objectionable, and to agree to transport defendant to St. Johnsbury. See *State* v. *Desjardins*, 142 Vt. 255, 258, 454 A.2d 1230, 1231 (1982) ("lawfulness of the officer's duty is to be measured against the scope of his employment"). The "lawful duty" standard is intended to prevent police officers from pursuing their own interests or whims under the cloak of official conduct; the police officer here was not pursuing his own interests, but rather the peaceable resolution of possible conflict.

*Affirmed.*